UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN JADE RED FOX,<br><br>Defendant. | 1:22-CR-10027-CBK<br><br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

 Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on December 12, 2022, to 27 months imprisonment for first degree burglary. Defendant's original total offense level was 16 and, together with a criminal history category of III, his guideline range was 27 - 33 months. The defendant was sentenced to the low end of the guideline range.

 Amendment 821 amended, retroactively, the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while he was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points.

 Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines § 1B1.10 governs the application of the reduction in a term of imprisonment as a result of retroactive amendments to the Federal Sentencing Guidelines. The Sentencing commission amended § 1B1.10 (d) to include the criminal history amendments that are part of Amendment 821.

The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

I find that defendant does qualify for a reduction pursuant to Amendment 821. Defendant had two criminal history points prior to the addition of the two status points, moving him from criminal history category II to category III. Under the amended guideline, no status points would be assigned because he has fewer than seven criminal history points. He has two instead of four criminal history points. He is in criminal history category II instead of category III. Defendant's guideline range, after the application of Amendment 821, would be reduced to 24 – 30 months. He seeks a reduced sentence to the low end of that range, a three-month reduction in sentence.

Defendant's current projected release date is February 28, 2024. https://www.bop.gov/inmateloc/ (last visited January 22, 2024). A three-month reduction in sentence would have qualified him for release in December 2023. However, pursuant to Amendment 821 and Guidelines § 1B1.10(e)(2), the defendant is eligible for release no earlier than February 1, 2024.

Pursuant to 18 U.S.C. § 3582(c)(2), any reduction in sentence must be "consistent with the applicable policy statements issued by the Sentencing Commission. The Sentencing Commission set forth in Application Note 1 to § 1B1.10 that, in determining whether a reduction is warranted and, if so, the extent of the reduction, the Court shall consider the § 3553(a) factors. Application Note 1(B)(i). Specifically, the Sentencing Commission set forth that the Court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction" and the "court may consider post-sentencing conduct of the defendant" in making those determinations. Application Note 1(B) (ii) and (ii).

The government agrees that defendant is eligible for a sentence reduction under Amendment 821. However, the government contends that, considering defendant's post-sentencing conduct – his prison disciplinary record – a reduction is not warranted.

The Court is aware of the defendant's recent misconduct (during 2023) while serving his sentence. It appears from BOP records that defendant has lost 54 days of good conduct time as a result of his prison disciplinary proceedings. That amounts to nearly two months. Sentencing

2

defendant at the low end of the new guideline range would, in effect, relieve defendant of having to serve additional time as a result of his misconduct while in prison.

Taking into account the factors set forth in 18 U.S.C. § 3553(a) and Application Note 1(B) to U.S.S.G. § 1B1.10, I find that no reduction in sentence is warranted.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 40, is denied.

DATED this 28th day of January, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge